GANNER v. GANNER.

Opinion delivered December 3, 1928.

Wallace Bourland and Cravens & Cravens, for appellant.

Pryor, Miles & Pryor, for appellee.

SMITH, J. Appellant brought this suit for divorce from appellee, his wife, on the ground of desertion. Appellee filed an answer, denying that she had deserted

appellant, but alleged in a cross-complaint that appellant had deserted her, and upon these allegations she prayed a divorce and permanent alimony.

The court dismissed the complaint of appellant for want of equity, and granted the prayer of appellee for a divorce upon the ground of desertion, and ordered appellant to pay appellee $75 per month as alimony, and also a fee for her attorney, and this appeal is from that decree.

The parties were married in January, 1918, and were finally separated in February, 1927, but, prior to the last-named date, they had lived apart for varying intervals. When the parties first began to live apart there was probably no thought on the part of either that a permanent separation would finally result.

Appellant was employed by the American Railway Express Company, and his duties resulted in his frequent transfer from one city to another. After the marriage, the parties lived with appellant's parents for about three weeks, when they moved to the home of appellee's parents in Russellville, and lived there until appellant was transferred to Fort Smith, where they lived until May, 1919, when appellant was transferred to Newport, where he was stationed for nine months. Appellee did not accompany appellant to Newport, and the testimony is conflicting as to why she did not do so, the testimony on the part of appellant being to the effect that appellee's parents would not permit her to leave their home to go to Newport, while that on the part of appellee was to the effect that she remained in Russellville in accordance with their understanding, as appellant had made no provision for her going to Newport, but, during the time appellant was stationed at Newport, he spent the Saturdays and Sundays in Russellville with appellee.

Appellant was again transferred to Fort Smith, where he bought a home, but this was later sold. The testimony is sharply conflicting as to why the home was sold. Appellant's version of the sale is that the house was sold because appellee did not want to keep house,

while appellee says the house was sold because it was thought that boarding would be less expensive.

There was testimony on the part of appellant to the effect that appellee had deserted appellant by refusing to live in Fort Smith, while that on appellee's behalf is to the effect that appellant grew tired of the bonds of matrimony, and had so advised appellee. There is certain corroboration of the testimony of each of the parties, which we do not set out, as no useful purpose would be served by so doing.

Appellee testified that, about Christmas, 1926, appellant asked her if she would not come to Fort Smith to live, and she said that she certainly would. Appellant spent the Christmas holidays with appellee, and during that time she asked him when he wanted her to go to Fort Smith. Appellant said "In a few days," and left. A few days later appellant returned, and she renewed her inquiry, and appellant said that he would advise her. Appellant returned to Fort Smith, and appellee wrote him three letters, asking when he wanted her to come, but these letters were not answered. One of the letters was answered, but not this question. Receiving no answer, appellee went to Fort Smith, and appellant said to her, "I certainly think you had your nerve to come." On this occasion appellant told appellee he was tired of married life, and offered her $500 to get a divorce. He carried her to the depot, gave her $10, and she had never heard directly from him since.

Appellant denied having told appellee that he was tired of married life, and testified that he wanted her to live with him in Fort Smith, but he admits that he did not ask her to do so.

Without further review of the conflicting testimony, we announce our conclusion to be that the case is similar to that of *Rigsby* v. *Rigsby,* 82 Ark. 278, 101 S. W. 727, and is controlled by it.

If the separation of these parties, which at first was probably intended to be temporary, was not brought about by appellant, it was, at least, assented to by him, and he did not thereafter write appellee to return, nor

did he in any manner indicate that it would be agreeable for her to do so; on the contrary, the testimony warranted the court in finding—as was found—that appellant repulsed the advances made by appellee in this respect. As this separation had continued for more than a year when this suit was brought, the court was warranted in finding that appellant had willfully deserted appellee for more than one year without reasonable cause, and that she is entitled to a divorce.

No complaint is made of the amount of the alimony allowed if appellee is entitled to a decree, and, as we think the finding of the chancellor is not against the preponderance of the evidence, the decree must be affirmed, and it is so ordered.